AO 245B  (Rev 06/05)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NUMBER:  8:14-cr-92-T-24MAP |
| | USM NUMBER:  05018-104 |
| GLADYS FUERTES | Defendant's Attorney:  Matthew Farmer  (CJA) |

THE DEFENDANT:

\_ pleaded **Guilty** to Count(s) .
\_ pleaded nolo contendere to count(s) which was accepted by the court.
**X**  was found guilty on count(s) One through Seventeen of the Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit Health Care Fraud | March 13, 2014 | 1 |
| 18 U.S.C. § 1347 & 2 | Health Care Fraud | March 13, 2014 | 2 - 11 |
| 18 U.S.C. § 1028A & 2 | Aggravated Identity Theft | January 27, 2012 | 12 |
| 18 U.S.C. § 1028A & 2 | Aggravated Identity Theft | February 8, 2012 | 13 |
| 18 U.S.C. § 1028A & 2 | Aggravated Identity Theft | February 20, 2012 | 14 |
| 18 U.S.C. § 1028A & 2 | Aggravated Identity Theft | February 14, 2012 | 15 |
| 18 U.S.C. § 1518 & 2 | Obstructing a Health care Crime Investigation | May 29, 2013 | 16 |
| 18 U.S.C. § 1518 & 2 | Obstructing a Health care Crime Investigation | June 13, 2013 | 17 |

The defendant is sentenced as provided in pages 3 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

\_ The defendant has been found not guilty on count(s)
\_ Count(s)  (is)(are) dismissed on the motion of the United States.

AO 245B  (Rev 06/05) Continued Sheet 1 - Judgment in a Criminal Case

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: June 29, 2015

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE
DATE: June 29, 2015

AO 245B (Rev 06/05) Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: GLADYS FUERTES | Judgment - Page 3 of 7 |
| Case No.: 8:14-cr-92-T-24MAP | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **234 Months**. This term consist of terms of 120 months as to Count 1 of the Indictment, 90 months as to Counts 2-11 of the Indictment, to run concurrently with each other, but consecutive to Count 1, 60 months as to Counts 16 & 17 of the Indictment, to run concurrently with each other and concurrently with count 1, 24 months as to Counts 12 - 15 of the Indictment to run concurrently with each other but consecutive to all other counts.

Defendant shall be given credit toward the service of a term of imprisonment for any time he/she has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the Defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence. 18 U.S.C. § 3585(b).

X  The court makes the following recommendations to the Bureau of Prisons: FCI facility located at Coleman, Florida and receive educations courses while incarcerated.

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.
    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

_X_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
    ___ before 2 p.m. on ___.
    _X_ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

United States Marshal

By:_____
Deputy Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

Defendant: GLADYS FUERTES
Case No.: 8:14-cr-92-T-24MAP

Judgment - Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Counts One through Eleven, Sixteen and Seventeen, and ONE (1) YEAR as to Count Twelve and Fifteen of the Indictment, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

X    The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release

| | |
|---|---|
| Defendant: GLADYS FUERTES | Judgment - Page 5 of 7 |
| Case No.: 8:14-cr-92-T-24MAP | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X     The defendant shall provide the probation officer access to any requested financial information.

X     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating herself for any major purchases without approval of the probation officer.

X     Defendant shall refrain from engaging in any employment related to health care.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties

Defendant: GLADYS FUERTES
Case No.: 8:14-cr-92-T-24MAP

Judgment - Page 6 of 7

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $1,700.00 | Waived | $262,229.30 |

☐ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total amount of Restitution Ordered |
|---|---|
| US Department of Health and Human Services CMS Division of Accounting Operations | $257,866.25 |
| United Healthcare AARP Payable to the: Clerk of U.S. District Court c/o Debt Collection 401 West Central Blvd. Orlando, Florida 32801 (For distribution of victims) | $4,363.05 |
| Totals: | $262,229.30 |

☐ Restitution amount ordered pursuant to plea agreement  $ _____.

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the ___ fine ___ restitution.
  ☐ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments
Case 8:14-cr-00092-SCB-JSS   Document 141   Filed 06/29/15   Page 7 of 9 PageID 1118

Defendant:    GLADYS FUERTES                                      Judgment - Page 7 of 7
Case No.:     8:14-cr-92-T-24MAP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  **X**    Lump sum payment of $ 1,700.00 due immediately.

B.  __     Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  __     Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  __     Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  __     Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  **X**    Special instructions regarding the payment of criminal monetary penalties: You shall pay $100.00 immediately and shall pay the balance in monthly payments of $100.00. While in Bureau of prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of his monthly earnings if you have Unicor Job. *Upon release from custody*, you shall pay restitution at the rate of 10% of your net income per month. At any time during the course of post-release supervision, the victim, the government, of the defendant, may notify the Court of material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X    Joint and Several

   Defendant Gladys Fuertes shall pay Restitution in the amount of $262,229.30 jointly and severally with and Co-Defendant Mario Fuertes, case number 8:14-cr-92-T-24MAP.

_    The defendant shall pay the cost of prosecution.

_    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States:

   [SEE ATTACHED FORFEITURE MONEY JUDGMENT ORDER, DOC. #137]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:14-cr-92-T-24MAP

GLADYS FUERTES

### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States of America's motion for a forfeiture money judgment against the defendant in the amount of $1,036,759.72.

Being fully advised of the relevant facts, the Court hereby finds that at least $1,036,759.72 in gross proceeds was obtained from the healthcare fraud conspiracy, healthcare fraud scheme, and obstruction of a healthcare crime investigation for which the defendant was found guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States= motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held jointly and severally liable with co-defendant Mario Fuertes for a forfeiture money judgment in the amount of $1,036,759.72.

It is FURTHER ORDERED that this order shall become a final order of

forfeiture as to the defendant at sentencing.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this 29 day of June, 2015.

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

Copies to:
Megan K. Kistler, AUSA
Counsel of Record